# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RUDELL JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> AFNI, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:19-cv-06714 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Rudell Johnson ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Afni, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as Defendant conducts business in the Northern District of Illinois, Plaintiff resides in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is a nationwide debt collection agency with its principal place of business located in Bloomington, Illinois. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois. According to its website, Defendant has been a consumer collection agency since 1936.[1]

## FACTS SUPPORTING CAUSES OF ACTION

6. In early September 2019, Defendant began placing collection calls to Plaintiff's telephone number (224) XXX-8802.

7. At all times relevant to the instant action, Plaintiff was the sole owner, possessor, and operator of the telephone ending in 8802.

8. Plaintiff was perplexed why Defendant was calling him because the alleged debt Defendant was attempting to collect did not belong to him. Defendant was attempting to collect an alleged debt ("alleged debt") owed by an individual by the name of "Joseph."

9. Plaintiff *never* provided his telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[2]

10. On September 12, 2019, Plaintiff placed a called to Defendant to inquire as to why Defendant was calling him. Plaintiff spoke with a representative of Defendant and informed Defendant that he was not "Joseph". Additionally, Plaintiff requested to be removed from Defendant's calling list.

---

[1] https://afni.com/about
[2] Upon information and belief, Defendant obtained Plaintiff's telephone number through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

11. Despite knowing that Plaintiff was not "Joseph" and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff at an excessive and harassing rate.

12. Despite Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

13. Notwithstanding Plaintiff's request that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls between September 2019 through the present day in an attempt to collect on a defaulted debt belonging to another person without Plaintiff's prior express consent.

## DAMAGES

14. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

15. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, emotional distress and anguish, intrusion upon and occupation of Plaintiff's telephone capacity, wasting Plaintiff's time, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, and diminished value and utility of telephone equipment.

16. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

17. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

22. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant used the phone to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

25. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    a. **Violations of FDCPA § 1692c**

26. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's telephone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him and the alleged debt did not belong to him, Defendant

continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that he did not legally owe as it belonged to another individual.

27. Moreover, Defendant was repeatedly notified by Plaintiff that he is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

28. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's telephone seeking immediate payment on a debt that did not belong to him. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that he did not owe the alleged debt and demanded that the calls cease.

29. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed frequent harassing pre-recorded phone calls to Plaintiff's telephone from September 2019 through the present day, without his prior consent.

### c. Violations of FDCPA § 1692e

30. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt did not belong to him. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal

ability to contact him via a pre-recorded voice system when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

31. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that he did not legally owe. By placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

32. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

33. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

34. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

35. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff RUDELL JOHNSON respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: October 10, 2019                     Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com